KATIE MOSELEY v. STATE.

No. A-2214.    Opinion Filed May 15, 1916.

(157 Pac. 708.)

1. CONTINUANCE—Grounds—Absence of Witnesses. An application for continuance in a criminal case on account of the absence of witnesses which fails to show that due diligence has been used to secure the attendance of said witnesses and which does not show that the same facts cannot be proved by other witnesses is not sufficient.

2. APPEAL—Discretion of Trial Court—Motion for New Trial. A motion for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed, except for an abuse of this discretion, the presumption being that the discretion was properly exercised.

3. HOMICIDE—Evidence—Weight—Sufficiency. In a homicide case the evidence examined and held to sustain a verdict of manslaughter in the first degree.

*Appeal from Superior Court, Pittsburg County;*
*W. C. Liedtke, Judge.*

Katie Moseley, convicted of manslaughter in the first degree, appeals. Affirmed.

*Arnote & Rogers,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Katie Moseley, herein referred to as the defendant was prosecuted for murder and convicted of manslaughter in the first degree and in pursuance of the verdict was sentenced to imprisonment in the penitentiary for the term of four years. To reverse the judgment she appealed.

It appears that all the parties concerned in the homicide charged were Choctaw Indians. That on September 20, 1911, an Indian ball game was being played a few miles south of Blanco, in Pittsburg county between the old Choctaw counties of Jacksfork on one side and Tubucksey on the other. The deceased, Gift Isaac was playing with the Tubucksey side; Indian women on each side were assisting in the game; all of the women carried handkerchiefs in their hands with which they whipped the players on their side while encouraging and urging them on. The defendant, Katie Moseley, was assisting on the Jacksfork side. During the game a fight occurred and Gift Isaac was stabbed. Ten days later he died.

The evidence for the state tends to show that Wilson Isaac, step-father of Gift Isaac, the deceased, had a quarrel with him over the game and Gift Isaac struck his step-father several blows with his ball sticks; just then another Indian took hold of Gift Isaac who was stripped to his waist, and while he was holding him the defendant, Katie Moseley stabbed Gift Isaac in the back just below the left shoulder; she had a handkerchief around her hand when she struck the fatal blow.

This in substance is the testimony of nine or ten witnesses for the state. Two or three of which testified positively that they saw the knife in the defendant's hand under the handkerchief at the time the fatal blow was struck.

As a witness in her own behalf the defendant Katie Moseley testified that she was at the Indian ball game near Blanco; that she was for the Jacksfork side and was out in the ring cheering her side along like all the rest of the women when she noticed a crowd gathering at one side and heard some person say that some one was stabbed; that she started towards the crowd and then turned and went around to her hack; that she did not strike or stab Gift Isaac.

The testimony of numerous witnesses for the defendant tended to corroborate her statement that she was not the person who stabbed Gift Isaac. All of these witnesses testified that they did not see and could not tell who it was that stabbed Gift Isaac.

The first error assigned is the overruling of the motion for a continuance.

The alleged offense was committed on September 20. 1911. The information was filed in the District Court November 21, 1911. A trial was had September 14, 1912, which resulted in a mis-trial, for the reason that the jury was unable to agree upon a verdict. The case was then continued and set for trial September 17, 1913.

The affidavit to the motion for continuance on the ground of the absence of three witnesses, John Billie, Joshua Impson and Dr. Stringer, without whose evidence it is alleged the defendant cannot safely proceed to trial, shows that Joshua Impson lived near Jumbo, Pushmataha county, and that John Billie formerly of Pittsburg county had moved to Atoka, and that Dr. Stringer, who was a witness on the first trial had just a short time prior to the second trial moved to Texas. That John Billie and Joshua Impson would testify that they were present at the ball game when the fight occurred between Wilson Isaac and Gift Isaac, and that they were holding the combatants when some person stabbed Gift Isaac in the back; that they were acquainted with Katie Moseley and knew her well and that she was not in the crowd at the time Gift Isaac was stabbed; that they did not know who struck the blow.

It appears from the record that these two Indian witnesses did not testify in the first trial and evidently the trial court was satisfied that due diligence to secure their attendance at the second trial was not shown. The affidavit is insufficient because, it does not show but that the same facts might be proved by other witnesses, and the record shows that the defendant introduced at least a dozen witnesses to support her theory that she did not do the stabbing and was not in the crowd at the time the deceased received the fatal blow.

As a general rule a continuance should not be granted to enable the defendant to obtain cumulative evidence.

The absent witness, Dr. Stringer, who had removed to Texas, the record shows testified as a witness for the state in the first trial and was examined by both parties. The transcript of his testimony was read upon the second trial.

Our conclusion is that the application for continuance lacks evidence of good faith as well as that of due diligence and was properly overruled by the trial court.

The second error assigned is that the trial court erred in not granting a new trial on the ground of newly discovered evidence. In support of the motion for a new trial the defendant filed the affidavit of one J. N. Whiting, to the effect that he saw the fight and saw the blood when it began to trickle down the back of the deceased, and at that time he saw Katie Moseley coming towards the crowd; also the affidavit of the defendant to the effect that Rosie Irvin and Calvin Irvin informed her after she was convicted that they were present at the time Gift Isaac was stabbed and were close enough to see who did it and that it was one Maulsie Reed who stabbed him.

This court by numerous decisions has held that the granting of a new trial on the ground of newly discovered evidence is largely within the discretion of the trial court, and its ruling thereon will not be disturbed except for an abuse of this discretion, the presumption being that the discretion was properly

exercised. On the record before us there is nothing to indicate that the court committed error in overruling the motion for a new trial.

Upon a careful consideration of the whole record we are of the opinion that the defendant has had a fair trial and has no just cause of complaint. The judgment appealed from is affirmed with direction to the court clerk of Pittsburg county to issue forthwith a commitment in accordance with the judgment of the Superior Court of Pittsburg county herein as rendered on the verdict.

ARMSTRONG, J., concurs.